## MOORE v. CHICAGO, B. & Q. R. CO.
### No. 278.

District Court, W. D. Missouri, W. D.
Aug. 25, 1939.

Lester G. Seacat, of Kansas City, Mo., and Charles M. Stokes, of Leavenworth, Kan., for plaintiff.

Langworthy, Spencer, Terrell & Matz, of Kansas City, Mo., for defendant.

OTIS, District Judge.

The sole contention made in support of the motion to dismiss the complaint is that the complaint shows on its face that plaintiff was guilty of contributory negligence and that, therefore, as a matter of law he is not entitled to recover damages from defendant for injuries alleged to have been caused by defendant's negligence.

With the question presented as to whether the contention should prevail, it is desirable that the language of the complaint upon which the contention is bottomed should be set out in haec verba. The plaintiff alleges that:

"On or about March 1st, 1939, defendant negligently and contrary to the statutes in such case made and provided, placed certain dark colored box-cars or work cars and left them standing for more than 5 minutes on its track at the crossing over its railroad line on Highway #92 in or near the village of Beverly in Platte County, Missouri, said highway at that point being, and being known by the defendant to be, a highway extensively used for traffic day and night by automobiles and other vehicles.

"Such cars completely obstructed and blocked all traffic on said highway over said crossing, all of which defendant at all times then and there well knew and the defendant negligently failed to provide a watchman, guard, signal light or other appliance at or upon said crossing or its approaches to warn travelers of the obstruction and danger so created.

"Long prior to the time herein mentioned defendant had installed and had always maintained an automatic crossing signal at said crossing so designed as to warn travelers approaching said crossing of any menace or danger existing thereon or thereat in the form of standing cars or approaching train, such fact being known to plaintiff, but upon the occasion referred to said automatic signal was out of order and did not operate to warn this plaintiff on said highway of the presence of said box-cars or work cars on the crossing and the defendant, although it had ample notice of such defect in said signal, negligently failed to put and keep the same in repair so that it would signal the presence of the approach of a train or the presence of said box-cars or work cars left standing on said

crossing as aforesaid, and negligently failed to provide a flag-man, watchman, signal light or other device in lieu thereof to prevent this plaintiff on said highway from relying upon the assurance of safety at said crossing arising from the fact that said automatic signal would not warn this plaintiff of the presence of such cars upon the crossing.

"That while said crossing was and had been so obstructed for more than five minutes as aforesaid, plaintiff drove his automobile on said highway from the west approaching said crossing and exercising due and proper care on his part, but with no warning or signal of said obstruction, and by reason of the darkness of the night, the foggy, misty condition of the atmosphere, the dark color and location of said cars on the crossing and the fact that said automatic warning signal indicated that said crossing was clear and safe, he could not by the exercise of due care on his part discover said cars, and did not discover said cars until his automobile was too close to avoid collision therewith and said automobile came into violent collision with said cars."

Upon principle it seems to us that defendant's contention should not prevail. Only if it can be said that reasonable men might not differ as to what a man in plaintiff's situation, as his situation is described in the complaint, would have done, only if it can be said that all reasonable men would agree that he was lacking in the degree of care for his own safety required of him in driving forward and into the standing cars, only then could defendant's contention be sustained. When the particular circumstances pleaded are considered, we cannot say that plaintiff necessarily was guilty of contributory negligence.

## Facts Epitomized

▆ Plaintiff's injury was sustained when he drove his automobile against railway cars upon the highway. The time was night. But it was not an ordinary night, the moon shining, stars giving forth some little illumination upon the earth. The darkness of the night was made more dark and sombre by fog and mist. In the night, through fog and mist, the electric lights of an automobile—we judicially notice the fact—penetrate a few feet only; their effect is to make the darkness ahead apparently more impenetrable to human vision than if there were no lights at all. And the railway cars against which plaintiff's automobile collided were not cars of such a color, gray, yellow, red, as that they would easily have been discerned by even the little light from the automobile which fell upon them through the fog and mist. They were "dark colored" cars. The evidence at the trial might show the "dark colored" cars were black or so deeply blue as to be almost black or a deep brown closely akin to black. And we think it can be judicially noticed that a black object stretching across a highway is not set out at all by the lights of an automobile so as to be readily distinguished from the dark curtain of night into which it merges. At least we are sure that whether it can be distinguished is a question of fact about which reasonable men might differ. And the cars were standing, not moving, cars. Even black cars moving in perfect silence perhaps are more distinguishable than standing black cars. What little light may come through the darkness from the celestial luminaries, passing through the open spaces between the cars, might produce flickering shadows on the retina of the eye that would excite attention. Moreover, box cars do not move in silence, but with a crash and clatter that can be heard for miles. The complaint alleges that these were standing cars, silently standing cars. And the complaint alleges—a most significant fact—that the electric warning signal which the defendant had placed at this crossing for the express purpose of warning travelers on the highway that there was an obstruction at the crossing had been negligently permitted by the defendant to be out of repair, its gong did not sound. The plaintiff knew the signal was at the crossing. He relied upon it and upon its silence. It seems to us that a reasonable man might well say, under all the circumstances alleged, that the defendant beckoned plaintiff into disaster.

▆ If there is any controlling Missouri decision which supports defendant's contention, in such a state of facts as is alleged here, we shall follow it, but we shall not understand it. An opinion of the Kansas City Court of Appeals is quite in line with the views we have expressed. Elliott v. Mo. P. R. Co., 227 Mo.App. 225, 52 S.W. 2d 448.

## State ex rel. v. Shain Distinguished

Defendant's learned counsel rely on State ex rel. Kansas City So. Ry. v. Shain, 340 Mo. 1195, 105 S.W.2d 915. In that decision the Supreme Court of Missouri through Ellison, J. (one of the ablest judges

who has served on that tribunal), quashed an opinion of the Kansas City Court of Appeals (Adams v. Kansas City So. Ry. Co., 83 S.W.2d 913). The Court of Appeals had held that certain facts did not show contributory negligence as a matter of law. The Supreme Court ruled that they did show contributory negligence as a matter of law.

The facts involved in the case cited were these. The plaintiff in the case was injured by driving his automobile at about midnight into a freight car standing across the travelled portion of the highway. The sky was clear overhead, but it was "kind of a dark night". By reason of whirling snow and dust, the angle at which the lights of the automobile shone and the contour of the ground, "only objects close to the ground at a distance of fifteen or twenty feet ahead of the automobile" could be seen. The plaintiff knew the track was ahead of him and slowed down to fifteen miles an hour, when he was one hundred feet from the track, and then to seven or eight miles an hour until he was within ten or twelve feet of the crossing. Seeing, so he testified, nothing on the track, he "stepped on the accelerator". Within five or six feet of the track he saw "the outline of something" but could not stop his automobile before the collision. There were no such facts in the case as that the railway car was dark colored; as that there were fog and mist; as that an electric alarm was negligently permitted to be out of repair.

The Supreme Court held as a matter of law that the plaintiff in the cited case could have seen the railway car and that his testimony that he could not see it was "contrary to the physical facts and facts of universal knowledge." (The fact that the judges of the Kansas City Court of Appeals believed the testimony was not contrary to the physical facts and facts of universal knowledge did not suggest to the Supreme Court that reasonable men might differ about the matter.)

The facts in the present case differ in such material respects—particularly as to the silent electric warning signal—from the facts of the cited case that we consider the case is not in point. In any event the physical facts in the present case, stated generally—as they should be stated—in the complaint, are insufficiently developed to justify a judgment that they conclusively refute the facts alleged as to the ability of the plaintiff to see the cars across the high-way, which facts the motion to dismiss admits to be true.

## Effect of Erie R. Co. v. Tompkins

We consider briefly also another matter. Suppose the facts alleged here were in all respects identical with those which, in some case before it, the Supreme Court of the state had held showed contributory negligence as a matter of law. Does it follow that we must hold similarly? Does the celebrated Erie Railroad case, Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, require any such result?

All that is held in the Erie Railroad case—and that was revolutionary—is that the unwritten law of the state (as well as its statutory law) furnishes the rule of decision for a federal court sitting in that state. There is no "general law". And so the law as declared by the Supreme Court of Missouri defining what is negligence and what is contributory negligence is the law a federal court sitting in Missouri will apply to a case arising in Missouri. But, what is the law governing the decision of a given case is one thing, what result will follow from the application of that law to a given set of facts is another thing. Arriving at a judgment through the application of the law to the facts is the exercise of the judicial power. The judicial power is vested in the federal judges by the Constitution. It was not intended by the Supreme Court in the Erie Railroad case opinion that the federal judges should be divested of any portion of the judicial power. We agree with the Supreme Court of Missouri in State ex rel. v. Shain, supra [340 Mo. 1195, 105 S.W.2d 920]—we are bound to agree—that testimony as to facts which is contrary "to physical laws and facts of universal knowledge" should be disregarded and that if, in the light of physical laws and facts of universal knowledge, an automobilist approaching a railway crossing could have seen, had he looked, a car at the crossing, in time to have avoided a collision, and still collided with it, he is guilty of contributory negligence. But we do not think that the Erie Railroad decision declares or intimates that the judicial voice of a state is controlling authority as to *physical laws* or the *laws of logic* or as to what are *facts of universal knowledge*. If the Supreme Court of a state declares that a certain allegation of facts or certain testimony as to facts is contrary to

physical laws, a federal court, sitting in that state, is not bound by any such ruling when considering a similar allegation or similar testimony.

Motion to dismiss overruled. So ordered. Exception to defendant.